IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAMIEN M. TERRELL,**

                        **Petitioner,**

       v.                                        CASE NO. 18-3155-SAC

**STATE OF KANSAS,**

                        **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner has filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which is granted. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, the Court directs Petitioner to provide further information regarding the timeliness of this action and to notify the clerk of his current address.

**Background**

In 2011, Petitioner Damien M. Terrell pled guilty to crimes charged in multiple cases, including violating offender registration requirements. *State v. Terrell*, 2019 WL 4554549, at *1. (Kan. Ct. App. 2019) (unpublished opinion) (*Terrell III*). On September 7, 2012, he was sentenced to 36 months' probation with an underlying sentence of 120 months in prison. *Id.* Petitioner did not pursue a timely direct appeal. *Id.* In April 2013, the district court revoked Petitioner's probation and ordered him to serve the underlying prison sentence. *Id.* Since that time, Petitioner has

filed multiple postconviction motions for relief in the state courts. *See Id.* at *1-2; *State v. Terrell*, 2018 WL 3795391 (Kan. Ct. App. 2018) (unpublished opinion) (*Terrell II*); *State v. Terrell*, 2016 WL 3597711 (Kan. Ct. App. 2016), *rev. denied* June 5, 2017 (*Terrell I*).

On June 26, 2018, Petitioner filed his petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) He claims that his convictions for failure to comply with offender registration requirements are invalid because no registration requirements existed when he was convicted of the crimes that triggered the registration requirements. *Id.* at 5.

**Timeliness**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim

>or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The limitation period begins to run the day after a conviction becomes final. See *Harris v. Dinwiddie*, 642 F.3d 902-07 n.6 (10th Cir. 2011).

The statute also contains a tolling provision:

>The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

The one-year limitation period also is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a

prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

Finally, there exists an exception to the one-year time limitation because of actual innocence. To qualify for this exception, the prisoner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

As set forth above, Petitioner was sentenced for his convictions of failing to comply with registration requirements on September 7, 2012, and he did not pursue a direct appeal within the allowed time. Thus, Petitioner's one-year federal habeas limitation period began to run around September 22, 2012. *See* K.S.A. 22-3608(c) ("For crimes committed on or after July 1, 1993, the defendant shall have 14 days after the judgment of the district court to appeal."). This Court does not have before it the exact dates on which Petitioner filed his multiple postconviction motions in state court, but it appears that Petitioner did not file his first motion until after his probation was revoked on April 16, 2013. *See Terrell*

*III*, 2019 WL 4554549, at *1. By that time, approximately 206 days of the one-year federal habeas limitation period had expired, leaving 146 days remaining.

The form upon which Petitioner filed his federal habeas petition contains a section which states: "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." (Doc. 1, p. 13.) Petitioner left this section of the form blank. Without more information regarding the dates on which Petitioner filed his state-court post-conviction motions and the subject matter of those motions, however, the Court cannot determine whether this federal habeas action was timely.

Thus, the Court will direct Petitioner to provide, in writing, additional information regarding any applications he has filed for post-conviction or other collateral review of his convictions for failure to comply with offender registration requirements. Petitioner should provide the dates on which he filed any such applications, the district court disposition of the applications, and whether he pursued an appeal of the district court judgment to a Kansas appellate court. Moreover, if Petitioner believes he is entitled to statutory or equitable tolling of the one-year federal habeas time limitation, he may include any argument on those topics as well. After this Court receives Petitioner's response to this order, it will continue to review the petition.

**Current Address**

When Petitioner filed the petition on June 26, 2018, he was an inmate at Hutchinson Correctional Facility. The online records of the Kansas Department of Corrections now reflect that in January

2021, Petitioner was released on post-release supervision and he is no longer incarcerated. Rule 5.1(c)(3) of the Rules of the United States District Court for the District of Kansas requires a pro se party to "notify the clerk in writing of any change of address." D. Kan. R. 5.1(c)(3). Accordingly, the Court directs Petitioner to notify the clerk, in writing, of his current address. The failure to do so may result in the dismissal of this matter without further notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 2) is **granted.**

**IT IS FURTHER ORDERED** that Petitioner is granted until and including September 20, 2021, in which to provide, in writing, to the Honorable Sam A. Crow, United States District Judge, additional information on the timeliness of this action.

**IT IS FURTHER ORDERED** that Petitioner is granted until and including September 20, 2021, in which to provide the clerk, in writing, with his current address.

**IT IS SO ORDERED.**

DATED:  This 17th day of August, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge