IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAMIEN M. TERRELL

Plaintiff,

v.                                    CASE NO. 18-3155-SAC

STATE OF KANSAS,

Respondent.

<u>MEMORANDUM AND ORDER</u>

This matter is a petition for habeas corpus filed under 28 U.S.C.§ 2254. Proceeding pro se, petitioner challenges his 2012 convictions of failure to comply with offender registration requirements. For the reasons that follow, the court denies relief.

**Factual and Procedural background**

In 2004, the Sedgwick County District Court convicted Petitioner of crimes for which he was not, at the time, required to register under the Kansas Offender Registration Act (KORA). (Doc. 1-1, p. 1.) Later, however, the Kansas Legislature amended KORA to include registration requirements for offenders such as Petitioner. The new requirements were applied to individuals whose crimes of conviction occurred before the amendments, in addition to individuals who committed their crimes afterward. *See State v. Evans*, 44 Kan. App. 2d 945, 948 (Kan. Ct. App. 2010) (holding that any person convicted of a crime for which KORA, as amended, required registration was required to register "regardless of whether the crime occurred before the legislature amended the KORA").

In July 2011, the State charged Petitioner with possession of cocaine and marijuana, a drug tax-stamp violation, and two counts of unlawfully failing to register during January and February 2011. *State v. Terrell*, 2019 WL 4554549, at *1 (Kan. Ct. App. 2019) (unpublished opinion) (*Terrell III*); *State v. Terrell*, 2018 WL 3795391, at *1 (Kan. Ct. App. 2018) (unpublished opinion) (*Terrell II*). Petitioner pled guilty, and on September 7, 2012, the district court sentenced him to 36 months' probation with an underlying 120-month prison sentence. *Terrell III*, 2019 WL 4554549, at *1. Petitioner did not pursue a timely direct appeal from his convictions. *Id.* Less than a year later, Petitioner violated the terms of his probation. The district court revoked probation and ordered him to serve his underlying prison sentence. *Id.* Petitioner did not file a timely appeal of the probation revocation. *State v. Terrell*, 2016 WL 3597711, at *1-2 (Kan. Ct. App. 2016) (unpublished opinion) (*Terrell I*), *rev. denied* June 5, 2017.

Thereafter, Petitioner filed multiple postconviction motions for relief in the state courts challenging, among other things, his convictions for failure to register. *See Terrell III*, 2019 WL 4554549, at *1; *Terrell II*, 2018 WL 3795391, at *1. As relevant to this federal habeas action, Petitioner twice raised in the state courts his argument that his convictions for failure to register violated the federal constitutional prohibition against ex post facto laws. When he first raised this issue in the state courts, the district court denied relief and the KCOA affirmed by order, finding that the issue was controlled by *State v. Petersen-Beard*, 304 Kan. 192 (Kan. 2016). *See* (Doc. 1-1, p. 5); *Terrell II*, 2018 WL 3795391, at *1. When Petitioner reasserted this issue in subsequent

postconviction motions, the KCOA again rejected it on its merits, citing *Petersen-Beard*. *Id.* at *3.

On June 26, 2018, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) After conducting the required initial review, the Court issued a notice and order to show cause (NOSC) explaining that it could not determine whether this action was timely filed. (Doc. 3.) The NOSC directed Petitioner to provide additional information related to timeliness.[1] *Id.* Petitioner filed a one-page response (Doc. 5), stating he is providing "the following timeline" and advising the court that he cannot read or write. However, no timeline is attached to the response. Accordingly, the court does not resolve the timeliness of the petition.

## Claims for relief

Although Petitioner articulates two grounds for habeas corpus relief, both grounds rest on the same claim:  Petitioner's 2012 convictions for failure to register violated the constitutional prohibition against ex post facto laws because at the time he committed the crimes that triggered the registration requirement, no such registration requirement existed. Petitioner exhausted this claim in the state courts. *See* Clerk of the Appellate Courts online records, case no. 111,197; *Terrell II*, 2018 WL 379591, at *1. Even if the present petition is timely, however, Petitioner's claims fail on their merits.

---

[1] The NOSC also directed Petitioner to provide the clerk with his current address, which Petitioner did.

### Standard of review

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Under the AEDPA, when a state court has adjudicated the merits of a claim, a federal court may grant habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding". § 2254(d)(2). In this context, an "unreasonable application of" federal law "must be objectively unreasonable, not merely wrong." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (quotations omitted). These standards are intended to be "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102 (2011), and require that state court decisions receive the "benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

### Analysis

Petitioner claims that because there was no KORA registration requirement for his 2004 crimes of conviction when he committed them, later requiring him to register based on those crimes and convicting him in 2012 for failure to register violated the constitutional prohibition against ex post facto laws.

Petitioner does not contend that the KCOA based its rejection of his ex post facto arguments on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding. Liberally construing his petition, Petitioner argues that the state court decision violated the federal prohibition against ex post facto laws. But, as noted above, to obtain federal habeas relief, Petitioner must show that the state courts' decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1).

Petitioner does not point to any case law that supports finding that the Kansas state courts' decision was contrary to or unreasonably applied clearly established Federal law. Instead, he generally argues that his circumstances are distinguishable from those in *Petersen-Beard* and that this court should therefore address the merits of his ex post facto arguments. (Doc. 1-1, p. 3.) But the state courts' interpretation of state law is not a cognizable ground for federal habeas relief. Thus, Petitioner's challenge to the KSC's finding that the KORA violates ex post facto prohibitions is not cognizable on federal habeas review. See *Moss v. Cline*, case number 18-3272-EFM, 2019 WL 4415096, *4 (D. Kan. Sept. 16, 2019) (unpublished memorandum and order).

To violate the ex post facto clause, a law "must be retrospective, that is, it must apply to events occurring before its enactment" and "must disadvantage the offender affected by it." *Weaver v. Graham,* 450 U.S. 24, 29 (1981) (citing *Lindsey v. Washington,* 301 U.S. 397, 401 (1937)). Under *Smith v. Doe,* 538 U.S. 84 (2003), the courts apply a two-part analysis to determine whether

the retroactive application of a statute violates the Ex Post Facto Clause. *Smith*, 538 U.S. at 92 (2003). In the first step, the court must "'ascertain whether the legislature meant the statute to establish "civil" proceedings.'" *Id.* (quoting *Kansas v. Hendricks,* 521 U.S. 346, 361 (1997)). If it finds the legislative intent was to create "a regulatory scheme that is civil and nonpunitive", the court then must consider "whether the statutory scheme is 'so punitive either in purpose or effect as to negate [the legislative intent]' to deem it 'civil.'" *Id.* (quoting *United States v. Ward,* 448 U.S. 242, 248–49 (1980)). Only "'the clearest proof'" of a punitive effect will warrant a decision that overrides legislative intent. *Id.* (quoting *Hudson v. United States,* 522 U.S. 93, 100 (1997)).

The question of whether KORA is punitive therefore is critical in the analysis of petitioner's challenge to registration under KORA on ex post facto grounds and is made by applying the intent-effects test identified by the U.S. Supreme Court in *Smith v. Doe*.

The case law that has applied the intent-effects test to KORA has found consistently that the intent of the Kansas Legislature was nonpunitive and was to create a civil regulatory scheme. *See, e.g., State v. Myers*, 923 P.2d 1024 (Kan. 1996)(finding the legislative history of KORA shows a nonpunitive intent to further public safety); *State v. Peterson-Beard*, 377 P.3d 1127 (Kan. 2016)(legislature's intent in enacting lifetime sex offender registration under KORA was not intended to be punitive and burdens

imposed were not so onerous as to cause punishment); *State v. Meredith*, 399 P.3d 859 (Kan. 2017)(finding insufficient proof of punitive effects of KORA to override the nonpunitive legislative intent).

The Kansas appellate decision cited by the Kansas Court of Appeals in rejecting petitioner's claim applied the correct test. *Terrell II*, 2018 WL 3795391, *3 (stating that "our Supreme Court held that the Legislature intended KORA to be civil and nonpunitive for all classes of offenders, including drug offenders such as Terrell", and rejecting his claim). Petitioner offers no argument to overcome that finding, and the Kansas courts found no ground to distinguish his circumstances from those of other offenders. This court finds no reason to grant habeas corpus relief.

### Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court identifies the specific issue that meets that showing. 28 U.S.C. § 2253.

The court has carefully considered the record and petitioner's claims of error and concludes both that he is not entitled to relief and that he has not made a substantial showing that his

constitutional rights were violated in the criminal proceeding against him. No certificate of appealability will issue.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

IT IS FURTHER ORDERED no certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 27th day of September, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge